UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HABER LAND CO. LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-04091-JMS-MJD |
| AMERICAN STEEL CITY INDUSTRIAL LEASING, INC., et al. | ) ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION REGARDING
MOTIONS FOR CONTRIBUTION PROTECTION**

This matter is before the Court on the Joint Motion for Contribution Protection filed by Plaintiff Haber Land Co. Ltd. and Defendants Caterpillar Global Mining LLC ("Caterpillar"), Lucas-Fermat LLC ("Lucas"), and Mosey Real Estate, Inc. ("MRE") [Dkt. 270], and the motions to join in that motion filed by Defendant ALD Indiana, LLC's ("ALD"), [Dkt. 275], and Defendants GE Engine Services UNC Holding I, Inc., ("GE") and Mosey Manufacturing Co., Inc. ("Mosey Manufacturing") [Dkt. 291]. Chief Judge Jane Magnus-Stinson has designated the undersigned Magistrate Judge to issue a report and recommendation regarding the motions pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 281.] The Magistrate Judge held a hearing on the motions on May 21, 2020. For the reasons set forth below, the Magistrate Judge recommends that the motions be **GRANTED**.

**I. BACKGROUND**

Plaintiff has been ordered by the Indiana Department of Environmental Management and the Environmental Protection Agency to remediate environmental contamination in the soil and groundwater of real property Plaintiff owns in Richmond, Indiana. Plaintiff alleges that the eight

Defendants in this case are responsible for the contamination and therefore are liable for the costs of the remediation. Plaintiff asserts various state and federal claims against the Defendants; the Defendants assert various counterclaims and various contribution cross-claims against each other pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERLCA"), 42 U.S.C. § 9601 et seq..

The Magistrate Judge held a settlement conference in this case on January 28, 2020, during or shortly after which Plaintiff settled its claims with four of the Defendants. Two of the remaining Defendants, GE and Mosey Manufacturing, reached a settlement in principle with Plaintiffs several weeks later. All of the settlement agreements have now been finalized and submitted to the Court for review.

There are two Defendants in this case who have not settled—American Steel City Industrial Leasing, Inc., ("American Steel") and General Recovery Recycling, LLC, ("General Recovery"). General Recovery never appeared in this case; Plaintiff moved for and was granted an entry of default as to all of Plaintiff's claims against General Recovery. [Dkt. 229.] None of the Defendants moved for an entry of default with regard to their crossclaims against General Recovery. American Steel appeared, answered, and asserted crossclaims, but later stopped participating in the case. As a result, an entry of default on all claims asserted against it was entered, and all of its counterclaims and crossclaims were dismissed. [Dkts. 245, 257.]

All of the settlement agreements are contingent on the Court entering an order barring any future claims against the Settling Defendants for contribution by any party or non-party to this case. Such an order would resolve the crossclaims between the Settling Defendants. The Settling Defendants and Plaintiff also have filed a motion seeking to dismiss without prejudice

all of their claims against the Defaulted Defendants if the settlements become effective. [Dkt. 298.] No other potentially liable parties have been identified by the parties.

## II. DISCUSSION

CERCLA contains no express provision that permits the contribution bar sought by the Settling Defendants. However, in cases brought by the federal or a state government, the statute provides as follows:

> A person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.

42 U.S.C. § 9613(f)(2). "[I]n order to facilitate settlement in environmental clean-up cases, a number of federal courts have interpreted CERCLA's language to include private parties and determined that non-settling defendants are barred from making any existing or future cross-claims for contribution against settling private parties." *United States v. Mallinckrodt, Inc.*, 2006 WL 3331220, at *2 (E.D. Mo. Nov. 15, 2006) (collecting cases). Courts have found such bars to be appropriate because they further the "strong federal interest in promoting settlement," which "is especially pronounced in complex matters such as CERCLA claims, where the amount of evidence to be gathered for assessing liability is voluminous." *Allied Corp. v. ACME Solvent Reclaiming, Inc.*, 771 F. Supp. 219, 222 (N.D. Ill. 1990) (citing *Metropolitan Housing Dev. Corp. v. Arlington Heights,* 616 F.2d 1006, 1013 (7th Cir. 1980)). The Court agrees with the reasoning of the court in *Allied Corp.*: Because "[i]t is hard to imagine that any defendant in a CERCLA action would be willing to settle if, after the settlement, it would remain open to contribution claims from other defendants," and "[t]he measure of finality which a cross-claim

bar provides will make settlements more desirable," *id.*, it is appropriate to enter contribution bars in cases involving settlements between private parties in certain circumstances.

The parties agree that in determining whether such circumstances exist in this case, the Court should consider the same factors that are relevant to a decision whether to approve a CERCLA settlement in which the federal government or a state is involved.

> Under well-established law, in deciding whether to approve a proposed settlement in the CERCLA context, the court must apply the following three factors: (1) whether the proposed decree is fair; (2) whether the settlement is reasonable; and (3) whether the proposed decree is consistent with and faithful to the objectives of the statute.[1] *United States v. CBS Corp.*, 2009 WL 2230889, at *7 (S.D. Ind. 2009) (Young, J.); *see also United States v. SCA Servs. of Ind., Inc.*, 827 F. Supp. 526, 532 (N.D. Ind. 1993) (citing *United States v. Cannons Engineering Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)). The approval of settlements in the CERCLA context is "committed to the trial court's informed discretion." 827 F.Supp. at 532 (quoting 899 F.2d at 84). "It is not the court's function to determine whether the proposal is the best possible settlement that could have been obtained or one which the court itself might have fashioned, but rather 'whether the settlement is within the reaches of the public interest.'" 827 F. Supp. at 533 (quoting 899 F.2d at 84).

*Evansville Greenway & Remediation Tr. v. S. Indiana Gas & Elec. Co., Inc.*, 2010 WL 11569547, at *1 (S.D. Ind. Sept. 8, 2010) (footnote in original). The Court finds that approach to be appropriate and, accordingly, examines each of the relevant factors, in turn, below.

**A. Fairness**

"Fairness in the CERCLA settlement context has both procedural and substantive components. 'To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance.'" *Id.* (quoting

---

[1] Although these standards are typically applied to approval of CERCLA consent decrees that have been entered into between the government and private parties, courts also apply these same principles to the approval of settlements involving CERCLA claims between private parties.

*Cannons Eng'g Corp.*, 899 F.2d at 86). In this case, the parties' settlement negotiations were conducted in large part at a court-sponsored settlement conference, and the Court is confident that the parties engaged in good faith negotiations. There is no reason to believe that the settlement positions taken by the parties were based on anything other than their assessment of the risks and the costs of continuing to litigate, and the settlements ultimately reached are reasonable in light of those positions. Accordingly, the Court has no concern about the procedural fairness of the settlements.

With regard to substantive fairness, it "requires that the settlement terms 'be based upon, and roughly correlated with, some acceptable measure of comparative fault, apportioning liability among the settling parties according to rational (if necessarily imprecise) estimates of how much harm each [potentially responsible party] has done.'" *Id.* at *2 (quoting *Cannons Eng'g Corp.*, 899 F.2d at 87). "The court will uphold the terms of a settlement so long as 'the measure of comparative fault on which the settlement terms are based is not arbitrary, capricious, and devoid of a rational basis.'" *Id.* at *1 (quoting *In re Tutu Water Wells CERCLA Litigation*, 326 F.3d 201, 207 (3d Cir. 2003)).

During the hearing on the instant motions, the parties explained that the amounts of the various settlements were arrived at by evaluating each Defendant's "time on the risk" and available evidence regarding each Defendant's activities at the site, with due consideration of both the cost of litigation and the practical difficulties inherent in proving the liability of each Defendant. The Court finds that the settlements reflect the parties' informed and rational analysis of the available information in this case and therefore are substantively fair.

### B. Reasonableness

In evaluating the reasonableness of a settlement, courts look to various factors including the settlement's "'likely efficaciousness as a vehicle for cleansing the environment; the extent to which it satisfactorily compensates the public for actual and anticipated costs of remedial and response measures; and the relative strength of the parties' litigating positions.'" *Id.* at *3 (quoting *United States v. Fort James Operating Co.*, 313 F.Supp.2d 902, 910 (E.D. Wis. 2004) (in turn citing *Cannons Eng'g Corp.*, 899 F.2d at 89-90)). "Courts also consider the foreseeable litigation risks and transaction costs associated with litigation when determining whether a settlement is reasonable." *Id.* (citation omitted).

In this case, Plaintiff has been ordered to remediate the site and a plan for doing so has been approved. Work is ongoing, with excavation expected to begin next month. As of December 2019, Plaintiff had spent approximately $287,000 on remediation and anticipated an additional $750,000 in future remediation costs.[2] Plaintiff will receive approximately 75% of this amount from the various settlements and represents that it has the resources to complete the remediation work. Settling this case now, rather than continuing to litigate, means that funds that would have been spent on litigation by all sides will go toward remediation. While it is possible that Plaintiff could have netted more by litigating this case to judgment, it recognizes the very real risk that it could have netted less. It was certainly reasonable to choose the certainty of settlements now over uncertain judgments that might be obtained after many more months of

---

[2] These figures do not include attorney fees and litigation costs.

litigation. Therefore, the Court finds that the settlements easily satisfy the reasonableness requirement.[3]

### C. Consistency with Objectives of CERCLA

Finally, the Court must ensure that the settlements are consistent with the objectives of CERCLA. CERCLA "was designed to promote the timely cleanup of hazardous waste sites and to ensure that the costs of such cleanup efforts were borne by those responsible for the contamination." *Bernstein v. Bankert*, 733 F.3d 190, 200 (7th Cir. 2013) (citing *Burlington N. & Santa Fe Ry. Co. v. United States,* 556 U.S. 599, 602 (2009)) (additional citations omitted). In general, a settlement that is fair and reasonable will further these goals. *See Fort James Operating Co.*, 313 F. Supp. 2d at 911 ("'Of necessity, consideration of the extent to which consent decrees are consistent with Congress' discerned intent involves matters implicating fairness and reasonableness'" and "'cannot be viewed in majestic isolation.'") (quoting *Cannons Eng'g,* 899 F.2d at 90). This case is no exception. As discussed above, the settlements in this case clearly further the objectives of CERCLA, as the property will be remediated and each potentially liable party that has the means to do so will contribute to the cost of that remediation.

### III. CONCLUSION

For the reasons set forth above, the Magistrate Judge finds that the settlements reached by the parties are fair, reasonable, and consistent with the objectives of CERCLA. Accordingly, the

---

[3] The Court notes that the parties' decision not to pursue their claims against the Defaulted Defendants also is reasonable. Plaintiff explained at the hearing that the principle of American Steel is deceased and General Recovery also is no longer a going concern, and there do not appear to be any assets or insurance available from either entity.

Magistrate Judge recommends that the parties' motions seeking a contribution bar [Dkt. 270, Dkt. 275, and Dkt. 291], be **GRANTED** and that the Court enter the following order:

> The settlements between the Plaintiff and Defendants Caterpillar Global Mining LLC, Lucas-Fermat LLC, Mosey Real Estate, Inc., ALD Indiana, LLC, GE Engine Services UNC Holding I, Inc., and Mosey Manufacturing Co., Inc. (the "Settling Defendants") are hereby approved and, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), upon dismissal of this case, any federal, state, or common law contribution claim now or hereafter asserted against the Settling Defendants relating to environmental contamination at or emanating from the property located at 588 Round Barn Road, Richmond, Indiana and/or the property located at 4600 National Road West, Richmond, Indiana, asserted by any party to this lawsuit or any person, agency, or entity not currently named a party to this lawsuit shall be barred.

The Magistrate Judge further recommends that the parties' joint motion to dismiss American Steel City Industrial Leasing, Inc. and General Recovery Recycling, LLC [Dkt. 298] be **GRANTED** and that American Steel City Industrial Leasing, Inc. and General Recovery Recycling, LLC be **DISMISSED WITHOUT PREJUDICE**.

Finally, the Magistrate Judge recommends that the Court order the remaining parties to file a stipulation dismissing this matter within thirty days of the Court's order.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  1 JUN 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Service via U.S. Mail:

AMERICAN STEEL INDUSTRIAL CITY
INDUSTRIAL LEASING, INC.
c/o Linda Marsteller
2771 Henn Hyde Road, NE
Warren, OH 44484

AMERICAN STEEL INDUSTRIAL CITY
INDUSTRIAL LEASING, INC.
c/o Thomas Nader
NADER AND NADER
7011 E. Market St.
Warren, OH 44484